UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERIBERTO GARRIGA and ABELINO H. RAMIREZ, individually and in behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>–against–<br><br>BLONDER BUILDERS INC. and MITCHELL BLONDER, jointly and severally,<br><br>Defendants. | 17 CV 497 (JMA) (AKT) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION**

**TABLE OF CONTENTS**

Legal Issue ................................................................................................................................... 3

Facts ............................................................................................................................................. 4

I.   Plaintiffs Meet Minimal Burden Necessary to Grant Conditional Certification of Collective

     Action .................................................................................................................................. 5

II.  Plaintiffs' Proposed Notice Should Be Approved and Disseminated to Putative Party

     Plaintiffs ............................................................................................................................. 8

Conclusion ................................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Cases**

*Anglada v. Linens 'N Things, Inc.*, No. 06 CV 12901, 2007 U.S. Dist. LEXIS 39105, 2007 WL

     1552511 (S.D.N.Y. Apr. 26, 2007) ...................................................................................... 7

*Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001) ............................... 4

1

*Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209 (E.D.N.Y. 2009) ........................................................ 6

*Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978).......................................... 5

*Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009)......................................................... 6

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101 (S.D.N.Y. 2003) ...................... 7

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ............................................................ 5, 9

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997).................................................. 6, 7, 8

*Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007).................................... 7

*Khalil v. Original Homestead Rest., Inc.*, No. 07 CV 695, 2007 U.S. Dist. LEXIS 70372, 2007
    WL 7142139 (S.D.N.Y. Aug. 9, 2007) ...................................................................................... 7

*Krueger v. N.Y. Tel. Co.*, Nos. 93 CV 178 & 179, 1993 U.S. Dist. LEXIS 9988, 1993 WL 276058
    (S.D.N.Y. Jul. 21, 1993) ............................................................................................................. 8

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008)....................................... 7

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) .................................................. 4, 7

*Lee v. ABC Carpet & Home*, No. 00 CV 984, 2008 U.S. Dist. LEXIS 38725, 2008 WL 2073932
    (S.D.N.Y. May 9, 2008)............................................................................................................. 9

*Lewis v. Nat'l Fin. Sys., Inc.*, No. 06 CV 1308, 2007 U.S. Dist. LEXIS 62320, 2007 WL 2455130
    (E.D.N.Y. Aug. 23, 2007)........................................................................................................... 5

*Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) .................................5, 7

*Malena v. Victoria's Secret Direct, LLC*, No. 09 CV 5849, 2010 U.S. Dist. LEXIS 121320, 2010
    WL 4642443 (S.D.N.Y. Nov. 16, 2010).................................................................................... 6

*Malloy v. Richard Fleischman & Assocs.*, No. 09 CV 322, 2009 U.S. Dist. LEXIS 51790, 2009
    WL 1585979 (S.D.N.Y. June 3, 2009)...................................................................................... 6

*Masson v. Ecolab, Inc.*, No. 04 CV 4488, 2005 U.S. Dist. LEXIS 18022, 2005 WL 2000133
(S.D.N.Y. Aug. 18, 2005) ........................................................................................................ 8

*Moss v. Crawford & Co.*, 201 F.R.D. 398 (W.D.Pa. 2000) ............................................................ 6

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ............................................................5, 6, 7, 9

*Pefanis v. Westway Diner*, No. 08 CV 2, 2008 U.S. Dist. LEXIS 1082, 2008 WL 4546526
(S.D.N.Y. Oct. 8, 2008) .......................................................................................................... 7

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ...................................................... 6

*Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011) ......................... 7

*Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334 (W.D.N.Y. 2008) .................................... 6

*Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378 (E.D.N.Y 2010) ...................................................... 6

*Torres v. Gristede's Operating Corp.*, No. 04 CV 3316, 2006 U.S. Dist. LEXIS 74039, 2006 WL
2819730 (S.D.N.Y. Sept. 28, 2006) ........................................................................................ 6

*Young v. Cnty. of Nassau*, No. 09 CV 3830, 2010 U.S. Dist. LEXIS 2471, 2010 WL 161593
(E.D.N.Y. Jan. 13, 2010) .................................................................................................... 6, 8

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ................................................ 8

**Statutes**

29 U.S.C. § 216(b) .................................................................................................................3, 4, 5

## LEGAL ISSUE

The Fair Labor Standards Act allows claims to be brought as an opt-in collective action in which similarly situated employees may assert similar claims without having to initiate multiple individual lawsuits or plead separate claims. *See* 29 U.S.C. § 216(b). "[T]he consent procedures of 29 U.S.C. § 216(b) require that parties affirmatively 'opt in' to [a] collective action by filing consents, and district courts have discretion to regulate notices sent to potential opt-in plaintiffs."

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 196 n.3 (S.D.N.Y. 2006); *accord Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 84 & n.1 (S.D.N.Y. 2001).

By this motion, the plaintiffs ask the Court for an order conditionally certifying this action a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of all employees of the defendants in the employment of the defendants any time after six years before the date of the complaint, hereinafter the putative party plaintiffs, and court-facilitated notice of this action to the putative party plaintiffs.

## FACTS

This lawsuit alleges that the defendants violated the Fair Labor Standards Act by failing to pay the defendants' employees the minimum wage and overtime at a rate of one and one-half times the employees' regular rate or the minimum wage without allowances if the employees' regular rate is less than the minimum wage without allowances, for hours worked longer than forty per workweek. *See* Compl. ¶1, ECF No. 1.

During the defendants' employment of the plaintiffs, the plaintiffs observed that there were numerous other employees who performed the same job duties that the plaintiffs performed, specifically manual labor construction jobs. *See* Aff. Pl. Supp. Mot. Conditionally Certify Collective Action ("Ramirez Aff.") ¶2; Garriga Decl. ¶3. The plaintiffs personally observed that these other employees worked similar hours per workweek to the plaintiffs, and that these hours totalled per workweek in excess of fifty hours for each employee. *See* Ramirez Aff. ¶3 Garriga Decl. ¶4. The plaintiffs also personally observed and learned from conversations with these other employees that the defendants paid these other employees in the same manner as the defendants paid the plaintiffs, specifically that the defendants paid these employees and the plaintiffs on an hourly basis and without paying overtime premium for the hours worked in excess of forty per

4

workweek . *See id.* ¶4. The plaitniffs identify these other employees by the names by which they were known to the plaintiffs, and identify specifically how those observations were made and with whom the plaintiffs conversed. *See* Ramirez Aff.¶¶2–4; Garriga Decl. ¶¶8-9.

### I. PLAINTIFFS MEET MINIMAL BURDEN NECESSARY TO GRANT CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

Under the Fair Labor Standards Act, employees may bring a collective action "in behalf of … themselves and other employees similarly situated." 29 U.S.C. § 216(b). The collective action allows for the efficient adjudication of similar claims, so "similarly situated" employees, whose claims are often small and not likely to be brought on an individual basis, may join together to prosecute their claims. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). To participate in a collective action, an employee must consent in writing to join the lawsuit and this consent to become a party plaintiff must be filed with the court. *Lewis v. Nat'l Fin. Sys., Inc.*, No. 06 CV 1308, 2007 U.S. Dist. LEXIS 62320, at *5, 2007 WL 2455130, at *2 (E.D.N.Y. Aug. 23, 2007) ("[S]ection 216(b) requires that employees affirmatively opt-in to [a Fair Labor Standards Act] collective action by filing a written consent."); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); 29 U.S.C. § 216(b); *see also Hoffman-La Roche Inc.*, 493 U.S. at 168.

The Second Circuit has long recognized that Fair Labor Standards Act cases should, if possible, be certified as collective actions in light of "the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interests of the courts in avoiding multiplicity of suits." *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). To do so, courts in this circuit follow a "two-step method." *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). "The first step," upon the plaintiff's motion, "involves the court making an initial determination" to send notice to putative party plaintiffs "who may be 'similarly situated' to

5

the named plaintiffs with respect to whether a [Fair Labor Standards Act] violation has occurred." *Id.* at 555. The second step, upon the defendant's motion, involves the court making a determination, after fact discovery, *see Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y 2010), whether the plaintiffs who have consented to become party plaintiffs "are in fact 'similarly situated' to the named plaintiffs." *Id.*

This motion is that first step. "At this juncture—also termed the 'notice stage'—the court applies a 'fairly lenient standard' and (when it does so) typically grants 'conditional certification.'" *Torres v. Gristede's Operating Corp.*, No. 04 CV 3316, 2006 U.S. Dist. LEXIS 74039, at *23, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 28, 2006) (quoting *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409 (W.D.Pa. 2000)); *see Malena v. Victoria's Secret Direct, LLC*, No. 09 CV 5849, 2010 U.S. Dist. LEXIS 121320, at *8, 2010 WL 4642443, at *4 (S.D.N.Y. Nov. 16, 2010) ("The standard for conditionally certifying a collective action is a 'lenient evidentiary standard.'" (quoting *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 58 (S.D.N.Y. 2009))); *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009) ("At this stage, 'the evidentiary standard is lenient'…." (quoting *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008))). Plaintiffs must "make a 'modest factual showing'" that they and the putative party plaintiffs "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see Bifulco*, 262 F.R.D. at 212; *Malloy v. Richard Fleischman & Assocs.*, No. 09 CV 322, 2009 U.S. Dist. LEXIS 51790, at *6, 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009); *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). "If the court finds that the putative plaintiffs are similarly situated to the named plaintiffs, the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs." *Young v. Cnty. of Nassau*, No. 09 CV 3830, 2010 U.S. Dist. LEXIS 2471, at *4, 2010 WL 161593, at *1

6

(E.D.N.Y. Jan. 13, 2010); *see Myers*, 624 F.3d at 554–55. The action then "proceeds as a collective action throughout the discovery process." *Lynch*, 491 F. Supp. 2d at 368 (citing *Lee*, 236 F.R.D. at 197); *see Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011) (quoting *Lynch*, 491. F. Supp. 2d. at 368).

"[C]ourts have endorsed the sending of notice early in the proceeding, as a means of facilitating the [Fair Labor Standards Act]'s broad remedial purpose and promoting efficient case management." *Hoffmann*, 982 F. Supp. at 262. Since this often happens before the parties engage in formal discovery, courts allow a plaintiff to rely on the plaintiff's own pleadings and affidavit, and the affidavits of other putative party plaintiffs. *Anglada v. Linens 'N Things, Inc.*, No. 06 CV 12901, 2007 U.S. Dist. LEXIS 39105, at *12, 2007 WL 1552511, at *4 (S.D.N.Y. Apr. 26, 2007); *Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs rely, as they are entitled to do at this stage of the proceedings, on the pleadings and their own declarations."); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003); *see also Pefanis v. Westway Diner*, No. 08 CV 2, 2008 U.S. Dist. LEXIS 1082, at *3, 2008 WL 4546526, at *2 (S.D.N.Y. Oct. 8, 2008) (certifying collective action based upon complaint and one affidavit); *Khalil v. Original Homestead Rest., Inc.*, No. 07 CV 695, 2007 U.S. Dist. LEXIS 70372, at *4–5, 2007 WL 7142139, at *1–2 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit).

At this stage of litigation, the court does not evaluate the merits of plaintiffs' underlying claims. *See Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ("The standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification."); *Lynch*, 491 F. Supp. 2d at 368 ("[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly

situated."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of this inquiry … is not on whether there has been an actual violation of law…."); *Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here."); *Krueger v. N.Y. Tel. Co.*, Nos. 93 CV 178 & 179, 1993 U.S. Dist. LEXIS 9988, at *6, 1993 WL 276058, at *2 (S.D.N.Y. Jul. 21, 1993) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case.").

Inasmuch as the merits of the claim are not weighed at the notice stage, a potential need for "extensive" individual discovery does not prevent notice from going out. *Masson v. Ecolab, Inc.*, No. 04 CV 4488, 2005 U.S. Dist. LEXIS 18022, at *42, 2005 WL 2000133, at *14 (S.D.N.Y. Aug. 18, 2005); *see Young*, 2010 U.S. Dist. LEXIS 2471, at *5, 2010 WL 161593, at *2 (denying request to hold briefing of proposed motion for conditional collective action certification in abeyance pending discovery); *Hoffmann*, 982 F. Supp. at 262 (deciding court need not wait for defendant to complete its discovery or make dispositive motions before authorizing notice).

Here, the plaintiffs satisfy the burden to demonstrate a factual nexus between the plaintiffs and the other former and current employees of the defendants. The Complaint and the plaintiffs' affidavits meet the modest factual showing that the plaintiffs and the putative party plaintiffs are similarly situated as having similar duties, similar hours, and subjection to similar illegal pay practices. Therefore, the Court should conditionally certify this action as a collective action.

## II. PLAINTIFFS' PROPOSED NOTICE SHOULD BE APPROVED AND DISSEMINATED TO PUTATIVE PARTY PLAINTIFFS

Upon finding that the named plaintiffs and putative party plaintiffs are similarly situated, a court will certify the case as a collective action, and authorize the plaintiffs to send a collective

action notice to putative party plaintiffs. *See Myers*, 624 F.3d at 555. Court-supervised notice is also the preferred method for managing this notification process because, firstly, it allows the court to set deadlines to advance the disposition of the action and, secondly, it protects plaintiffs' claims from expiring under the statute of limitations. *Hoffman-LaRoche*, 493 U.S. at 172. Court-supervised notice can also obviate disputes between the parties regarding the content of the notice. *Id.* ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed.").

The plaintiffs' proposed notice is an exhibit to the proposed order. The proposed notice defines the putative party plaintiffs. It provides clear instructions on how to consent to become a party plaintiff and informs of the prohibition against retaliation for participation in a Fair Labor Standards Act action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) … to the broad discretion of the trial court." *Lee v. ABC Carpet & Home*, No. 00 CV 984, 2008 U.S. Dist. LEXIS 38725, at *3–4, 2008 WL 2073932, at *1 (S.D.N.Y. May 9, 2008) (citing *Hoffman-La Roche*, 493 U.S. at 170). The Court should authorize its mailing to all putative party plaintiffs and order its posting in the workplaces of the defendants' employees, including wherever statutory notices are posted.

## CONCLUSION

For all of the foregoing reasons, the plaintiffs requests that this Court conditionally certify this case as a collective action and authorize the mailing of the proposed notice to all putative party plaintiffs and the posting of the proposed notice in the workplaces of the defendants' employees, including wherever statutory notices are posted.

LEE LITIGATION GROUP, PLLC

By: _____
C.K. Lee
cklee@leelitigation.com
Anne Seelig
anne@leelitigation.com
Taimur Alamgir
taimur@leelitigation.com
30 East 39th Street, 2nd Floor
New York, NY 10016
Telephone: (212) 465-1188
Facsimile: (212) 465-1181
**ATTORNEYS FOR PLAINTIFF MR. GARRIGA**

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF MR. RAMIREZ**

Dated: New York, New York
October 5, 2017